UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| IN RE: LEE CLARKE, | No. 2:18-cv-2044-JAM-KJN PS |
|---|---|
| | FINDINGS AND RECOMMENDATIONS |

On July 26, 2018, Lee Clarke, proceeding without counsel, filed a "non-concealment crimes report contrary 18 U.S.C. § 2382 relevancies [sic]." (ECF No. 1.) No filing fee or motion to proceed *in forma pauperis* was filed. However, because the court concludes that dismissal for lack of subject matter jurisdiction pursuant to the substantiality doctrine is appropriate, it finds it unnecessary to require Mr. Clarke to pay the filing fee or submit a proper motion to proceed *in forma pauperis*.

"Under the substantiality doctrine, the district court lacks subject matter jurisdiction when the question presented is too insubstantial to consider." Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th Cir. 1985) (citing Hagans v. Lavine, 415 U.S. 528, 536-39 (1974)). "The claim must be 'so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the

District Court, whatever may be the ultimate resolution of the federal issues on the merits.'" Id. (quoting Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 666 (1974)); see also Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) ("a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").

Here, even liberally construed, Mr. Clarke's "report" amounts to little more than gibberish, referencing treason, law and war, genocide, torture, four branches of government, and the president of the United States and names of various legislators. It appears that Mr. Clarke is essentially attempting to litigate his generalized grievances with respect to the system of government in the United States. Mr. Clarke's claims are implausible, attenuated, unsubstantial, frivolous, and devoid of merit, and thus plainly fail to invoke this court's subject matter jurisdiction.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed for lack of subject matter jurisdiction.
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated: July 30, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE